IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BEN E. THOMAS, # S-04872,           )
                                    )
                Plaintiff,  )
                                    )
                                    )
vs.                                 )   Case No. 3:12-cv-128-MJR
                                    )
CLINTON COUNTY JAIL and             )
UNKNOWN NURSE,                      )
                                    )
                Defendant. )
                                    )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Ben E. Thomas, an inmate at Taylorville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, which occurred while Plaintiff was a pretrial detainee at the Clinton County Jail. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff alleges that his detainment at the Clinton County Jail caused him to miss two previously-scheduled doctors' appointments (Doc. 1, p. 5).  On January 11, 2010, prior to his arrest, Plaintiff was admitted to Saint Louis University Hospital for hip surgery (Doc. 1, p. 5).  Plaintiff was discharged on January 14, 2010, with eighteen staples in his hip and told to return on January 25, 2010, for their removal (Doc. 1, p. 5).

Plaintiff was arrested and detained on January 24, 2010, at which point he notified officials of his medical needs (Doc. 1, p. 5). Several days later while at the Jail, Defendant Unknown Nurse removed Plaintiff's staples; however, Plaintiff claims this Defendant never cleaned his wounds and did not dress them daily (Doc. 1, p. 5). Plaintiff missed an appointment on February 23, 2010, with Dr. Whiting at a St. Louis hospital and another appointment with a gastroenterologist a few weeks later regarding his "chronic diarrhea problems" (Doc. 1, p. 5). Plaintiff asserts that because of these missed appointments and Defendant Unknown Nurse's missteps, he is currently limited to a wheelchair and mentally stressed (Doc. 1, p. 6).

Plaintiff requests an early release from incarceration and compensation for his medical bills (Doc. 1, p. 7).

**Discussion**

Plaintiff alleges that the Defendants, the Clinton County Jail and Unknown Nurse, subjected him to cruel and unusual punishment by their deliberate indifference to his medical needs. A word about the Clinton County Jail is in order. In order to obtain relief against a municipality, a plaintiff must allege that the alleged constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). Plaintiff has failed to identify any custom, practice, or policy of either the Clinton County Jail or the Clinton County Sheriff's Department that led to his medical problems. Plaintiff may be suggesting that the Jail's policy of not allowing detainees to attend doctors' appointments constitutes deliberate indifference. However, Plaintiff, while detained, does not retain the unfettered right to attend all

3

previously-scheduled doctors' appointments. As Plaintiff fails to mention any specific custom, practice or policy of the Jail in his complaint, this Defendant shall be dismissed without prejudice.

Plaintiff's deliberate indifference claim against Defendant Unknown Nurse requires different elements to pass threshold review. Although pre-trial detainees are not covered by the Eighth Amendment, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment, and are entitled to the same sort of protection against deliberate indifference as convicted inmates, no less. *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). Regardless of whether Plaintiff's hip condition would be considered "serious" or not, Plaintiff has not alleged sufficient facts to state a claim that Defendant Unknown Nurse was deliberately indifferent. Plaintiff claims that, at his behest, Defendant Unknown Nurse removed the

staples put in place at St. Louis University Hospital. Such treatment indicates that Defendant Unknown Nurse was not intentionally disregarding Plaintiff's medical needs. Furthermore, even if Defendant Unknown Nurse was negligent in her failure to clean his wounds, such conduct does not rise to the level of cruel and unusual punishment. Thus, Plaintiff's claim against Defendant Unknown Nurse shall be dismissed without prejudice.

**Disposition**

    **IT IS HEREBY ORDERED** that the Clerk shall add **UNKNOWN NURSE** as a Defendant in this case.

    **IT IS FURTHER ORDERED** that **PLAINTIFF'S COMPLAINT** fails to state a claim upon which relief may be granted and thus is **DISMISSED** without prejudice. Defendants **CLINTON COUNTY JAIL** and **UNKNOWN NURSE** are **DISMISSED** from this action without prejudice.

    Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

The Clerk shall **CLOSE THIS CASE.**

    **IT IS SO ORDERED.**

    **DATED:July 9, 2012**

                                             s/ Michael J. Reagan
                                             United States District Judge